IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3176 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO VACATE, |
| JASON D. GERICKE, | ) | SET ASIDE OR CORRECT SENTENCE |
| | ) | PURSUANT TO 28 U.S.C. § 2255 |
| Defendant. | ) | |
| | ) | |

On January 10, 2007, the defendant, Jason D. Gericke, filed a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255." (See filing 59.) See also 28 U.S.C. § 2255. In this motion, the defendant argues that he was prejudiced by his trial counsel's failure to object to three criminal history points that were assessed against him. (See generally filing 59.) For the following reasons, I find that the defendant's motion must be denied.

## I. BACKGROUND

In an indictment filed on September 18, 2002, the defendant was charged with conspiring to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. (See filing 1.) On July 16, 2003, the defendant entered a plea of guilty, (see filing 25), and on November 14, 2003, I sentenced the defendant to a 151 month term of imprisonment, five years of supervised release with special conditions, and a special assessment, (see filing 44). Judgment was entered on November 18, 2003, (see filing 46), and it appears that this judgment was not appealed.

On November 15, 2004, the United States filed a motion to reduce the defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b). (See filing 48.) This motion was granted, and on May 11, 2005, the defendant's term of imprisonment was reduced to 75

months.  (See filings 51, 52.)[1]

On May 9, 2006, the defendant, acting pro se, filed a motion for "departure for jail time served that the BOP will not give . . . credit for."  (Filing 55.)  I ordered that counsel be appointed to represent the defendant in connection with this motion.  (See filing 56.)  On January 10, 2007, the defendant's counsel filed the instant motion pursuant to § 2255.  (See filing 59.)

## II.  ANALYSIS

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Section 2255 motions must be filed within a one year period that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.  The government argues that the defendant's motion is untimely.  (See generally filing 62.)  I agree.

The defendant's motion was not filed within one year of "the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255, ¶ 6(1).  The judgment of conviction was filed on November 18, 2003.  (See filing 46.)  Since the judgment was not appealed, it became final ten days later–on or about December 3, 2003.  See Fed. R. App. P. 4(b)(1) (providing that the defendant's notice of appeal must be filed within ten days); Fed. R. App. P. 26(a) (setting forth

---

[1] The judgment was amended on January 30, 2006, to correct a clerical error; specifically, the "Date Offense Concluded" was changed to August 19, 2002, from August 19, 2003.  (See filing 54.)  See also Fed. R. Crim. P. 36.

rules for computing time); United States v. Jones, No. 4:01CR274, 2006 WL 1891062, at *1 (D. Neb. July 10, 2006).  See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Thus, limitations period specified in paragraph 6(1) of § 2255 expired on or about December 3, 2004. The defendant's original pro se motion was filed on May 9, 2006, and his § 2255 motion was filed on January 10, 2007.  (See filings 55, 59.)  The limitations period specified in § 2255, ¶ 6(1) expired well before either of these dates.

      The defendant suggests that the limitations period did not begin to run until May 11, 2005, when an amended judgment was entered in accordance with my ruling on the government's Rule 35(b) motion.  (See filing 59 at 4; see also filings 51, 52.)  However, the modification of the defendant's sentence pursuant to Rule 35(b) did not affect the date on which his judgment of conviction became final.  See 18 U.S.C. § 3582(b)-(c).  As the Fourth Circuit has explained,

> Contrary to [the defendant's] assertions, Congress did not intend for Fed. R. Crim. P. 35(b) motions to prevent convictions from becoming final for § 2255 purposes.  The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment.  Section 3582(b) states:
>
>> (b) Effect of finality of judgment.-Notwithstanding the fact that a sentence to imprisonment can subsequently be-
>> (1)    modified pursuant to the provisions of subsection (c);
>> (2)    corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>> (3)    appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>> a judgment of conviction that includes such a sentence <u>constitutes a final judgment for all other purposes</u>.
>
> 18 U.S.C. § 3582(b) (emphasis added).
>
> As § 3582(b)(1) contemplates, [the defendant's] sentence was modified pursuant to § 3582(c)(1)(B).  That section permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The plain text of § 3582(b) clearly states that this later modification does not affect the date on which [the defendant's] judgment of conviction became final "for all other purposes."  The conviction which the district court entered on January 15, 1998, included "a sentence to imprisonment."  Therefore that judgment of conviction "constitutes a final judgment for all other purposes" under

      18 U.S.C. § 3582(b), including the beginning of § 2255 subsection (1)'s limitations period.

United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (footnote omitted).  See also United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001).[2]  I therefore find that the defendant's motion was not filed within the limitations period set forth in § 2255, ¶ 6(1).

      The defendant has not argued that his motion was filed within the limitation periods specified in § 2255, ¶ 6(2)-(4).  Nor has he argued that "extraordinary circumstances" beyond his control prevented timely filing.  See United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (discussing equitable tolling).  Therefore, I find that the defendant's § 2255 motion was not filed in good time, and it must be denied.

      **IT IS ORDERED** that the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filing 59, is denied.

      Dated March 21, 2007.

                                    BY THE COURT

                                    s/ Warren K. Urbom
                                    United States Senior District Judge

---

[2] I note parenthetically that the second amended judgment, which corrected a clerical mistake in the first amended judgment, also did not restart the § 2255 "clock."  See United States v. Greer, 79 F. App'x 974, 974-75 (9th Cir. 2003); (see also filing 54).